MATILDA SHARP v. CINCINNATI.

1. MUNICIPAL CORPORATION NOT LIABLE FOR DAMAGE BY SURFACE WATER FROM STREET, WHEN.

Where property naturally is situated lower than the street upon which it abuts the municipal corporation, in the absence of negligence, cannot be held liable for damages resulting from the overflow of surface water from the street.

2. CHANGE OF STREET GRADE DOES NOT MAKE MUNICIPAL CORPORATION LIABLE FOR DAMAGE BY SURFACE WATER, WHEN.

Where a municipal corporation raised the grade of a street, thereby making abutting property lower than the street, the owner thereof was entitled to compensation therefor, and having received it or having waived it the reciprocal relations became as though the topography was entirely natural, and he cannot thereafter complain of the burdens incident to the low location of the property.

3. ONE NEGLIGENT OF CONTRACTUAL DUTY CANNOT SET UP ACT OF GOD AS PROXIMATE CAUSE OF INJURY.

In cases involving negligence of duty based on contract the question of proximate cause is immaterial, and while the law, in some cases, will permit one to set up as a defense that he was prevented by a *vis major* from doing what he contracted to do, where he has been negligent, he will not be permitted to take refuge in an inquiry whether his own negligence or a *vis major* has been the proximate cause of a resultant injury.

4. NEGLIGENCE OF IMPLIED DUTY CREATES NO LIABILITY WHERE DAMAGE RESULTED PROXIMATELY FROM ACT OF GOD.

In cases involving negligence of duty imposed by law the question of proximate cause is an essential element of liability or defense, and when the damage has proximately been caused by the act of God the law does not concern itself in implying duties, the observance or breach of which had nothing to do with the damage for which recovery is sought.

5. REVIEWING COURT WILL CONSIDER AFFIRMATIVE ERRORS ONLY, WHEN.

Where a record does not contain all the evidence a reviewing court must presume every finding of fact necessary to support the verdict and judgment, and where a portion of the charge is omitted, affirmative errors only will be considered.

ERROR to court of common pleas of Hamilton county.

**Norwood J. Utter** and **Chas. E. Tenney**, for plaintiff in error:

If a city so constructs its streets, that the surface water from the adjacent territory is collected into a channel and cast upon the premises of a lotowner, thereby causing damage, the city will be liable therefor. Rhodes v. Cleveland, 10 Ohio 159 [36 Am. Dec. 82]; McCombs v. Akron, 15 Ohio 474; Springfield v. Spence, 39 O. S. 665; Zanesville v. Fannan, 53 Ohio St. 605 [42 N. E. Rep. 703; 53 Am. St. Rep. 664]; McBride v. Akron, 6 Circ. Dec. 739 (12 R. 610); Toledo v. Lewis, 9 Circ. Dec. 364 (17 R. 588); Bastable v. Syracuse, 8 Hun (N. Y.) 587, 589, 591; Manning v. Lowell, 130 Mass. 21, 25; Gillison v. Charleston, 16 W. Va. 282, 303, 304 [37 Am. Rep. 763]; 24 Am. & Eng. Enc. Law (1 ed.) 946, 947, 948; 2 Dillon, Mun. Corp. (4 ed.) Sec. 1042, n. 1; Sec. 1045, n. 6 and 7; Sec. 1053, n. 1, 2, 3 and 4; Weis v. Madison, 75 Ind. 241 [39 Am. Rep. 135]; Patoka Tp. v. Hopkins, 131 Ind. 142, 143 [30 N. E. Rep. 896; 31 Am. St. Rep. 417]; Ashley v. Port Huron, 35 Mich. 296 [24 Am. Rep. 552]; Inman v. Tripp, 11 R. I. 520 [23 Am. Rep. 520]; Dixon v. Baker, 65 Ill. 518 [16 Am. Rep. 591]; Chicago, R. I. & P. Ry. Co. v. Clough, 134 Ill. 586, 588 [25 N. E. Rep. 664; 29 N. E. Rep. 84]; Indianapolis v. Lawyer, 38 Ind. 348; Evansville (City) v. Decker, 84 Ind. 325 [43 Am. Rep. 86]; Byrnes v. Cohoes (City), 67 N. Y. 204; Pettigrew v. Evansville (Vil.), 25 Wis. 223 [3 Am. Rep. 50]; Lehn v. San Francisco, 66 Cal. 76, 78; Lynch v. Mayor, 76 N. Y. 60 [32 Am. Rep. 271]; Poillon v. Brooklyn, 101 N. Y. 132, 135 [4 N. E. Rep. 191]; Moran v. McClearns, 63 Barb. (N. Y.) 185; Jacksonville v. Lambert, 62 Ill. 519; Sykes v. Van Bibber, 88 Md. 98, 100 [41 Atl. Rep. 117]; O'Brien v. St. Paul, 25 Minn. 331 [33 Am. Rep. 470]; Seymour (City) v. Cummins, 119 Ind. 148 [21 N. E. Rep. 549; 5 L. R. A. 126]; Crawfordsville v. Bond, 96 Ind. 236; Limerick & C. Tpk. Co. Appeal of, 80 Pa. St. 425; Arn v. Kansas City, 14 Fed. Rep. 236; Stanford v. San Francisco Co. 111 Cal. 198 [43 Pac. Rep. 605]; Demour v. Lyons City, 44 Iowa 276, 278; Powers v. Council Bluffs (City), 50 Iowa 197.

### Sharp v. Cincinnati.

The intervention of the act of God will not be a defense when the negligence of the defendant combined therewith to cause the damage. 1 Am. & Eng. Enc. Law (1 ed.) 176; 1 Am. & Eng. Enc. Law (2 ed.) 587, 595, 598; Fonvard v. Pittard, 1 Term 27; 2 Parsons, Contracts (9 ed.)159; Polack v. Pioche, 35 Cal. 416 [95 Am. Dec. 115]; Central Line of Boats v. Lowe, 50 Ga. 509; McGraw v. Railway Co. 18 W. Va. 361 [41 Am. Rep. 696]; Wolf v. Express Co. 43 Mo. 421 [97 Am. Dec. 406]; Siordet v. Hall, 4 Bing. 407; Campbell v. Morse, 1 Harper (S. Car.) 468; Packard v. Taylor, 35 Ark. 402 [37 Am. Rep. 37]; Lodwicks v. Insurance Co. 5 Ohio 433; Smith v. Transportation & Trading Co. 20 Wash. 580 [56 Pac. Rep. 372; 44 L. R. A. 557]; Wald v. Railway Co. 162 Ill. 545 [44 N. E. Rep. 888; 35 L. R. A. 356; 53 Am. St. Rep. 332]; Bell v. Reed, 4 Binn. (Pa.) 127, 158; Rodgers v. Railway Co. 67 Cal. 607 [8 Pac. Rep. 377]; Story, Bailments 511; Nugent, v. Smith, L. R. 1 C. P. Div. 19; Michaels v. Railway Co. 30 N. Y. 564 [86 Am. Dec. 415]; Reed v. Spaulding, 30 N. Y. 630 [86 Am. Dec. 426]; Condict v. Railway Co. 54 N. Y. 500; New Brunswick S. & C. Transp. Co. v. Tiers, 24 N. J. Law (4 Zab.) 697 [64 Am. Dec. 394].

**Chas. J. Hunt** and **Frank H. Kunkel,** for defendant in error:

It is not the duty of any municipality to provide drainage for surface water so as to prevent said water from flowing upon the adjoining lands. Dillon, Mun. Corp. (4 ed.) Sec. 1039; Tiedeman, Mun. Corp. Sec. 354; Elliott, Roads & Streets (2 ed.) Sec. 465; Gould, Waters Sec. 270.

The city is not liable for any damage which may be done by the extraordinary rainfall. Gould, Waters (2 ed.) Sec. 262; Elliott, Roads & Streets (2 ed.) Sec. 475.

The city is not liable if the damage is caused by reason of the fact that the surface water flowed upon property which is below the grade of any street. Elliott, Roads & Streets (2 ed.) Sec. 470; Dillon, Mun. Corp. (4 ed.) Secs. 1040, 1051; see also Springfield v. Spence, 39 Ohio St. 665, 671.

In the case of Collier v. Valentine, 11 Mo. 299, it was held that a carrier will not be held responsible for loss occasioned by the act of God, *even though he is in default,* if he can show that the loss was wholly independent of his fault and not only might, but must, have happened in any respect of the case. See also Smith v. Whitman, 13 Mo. 352, 358; Gillespie v. Railway Co. 6 Mo. App. 554; Hill v. Sturgeon, 28 Mo. 323, 328, which are to the same effect.

If the act of God was of such an overwhelming and destructive character as by its own force and independently of the practical negligence alleged or shown to have produced the injury, there would be no liability

though there was negligence on the part of the carrier. Baltimore & O. Ry. Co. v. Sulphur Springs, 96 Pa. St. 65 [42 Am. Rep. 529].

But if it can be established that the same loss not only might, but must, have happened had there been no fault on the part of the carrier, his negligence may be disregarded and the injury attributed solely to the act of God. 1 Am. & Eng. Enc. Law (2 ed.) 597.

The responsibility of a common carrier is far greater than the responsibility of a municipality, the common carrier being in the nature of an insurer of the goods while in its care, while a municipality is only bound to use reasonable care and precaution.

JELKE, J.

As the record does not purport to contain all the evidence, we must presume every finding of fact necessary to support the verdict and judgment. Neither does the record contain the whole charge, so we cannot consider any errors of omission complained of, but must confine ourselves to the affirmative errors, if any, omitted in the general charge or in the giving or refusing special charges asked for.

The two errors relied on are presented by special charges given at the request of defendant and excepted to by plaintiff, and it is complained that these errors are further carried into the general charge.

The trial court gave the following special charge:

"If you find that the property of the plaintiff was located below the grade of East Third street, and that the same would not have been damaged had it been on the level with Third street, then I charge you, gentlemen of the jury, that the plaintiff cannot recover."

We find no error in this charge.

Of course, if the issue is complicated with other elements, such as negligence on the part of the city in constructing the street, and street drainage, or the city is charged with collecting the surface water from a large area and by building the street diverting it upon plaintiff's land, other and different principles of law apply.

But taking the case simply, if the plaintiff's property is damaged because it lies low, that is not the city's fault; plaintiff's property must bear the burden of its unfortunate situation.

When the city built and improved East Third street, if it changed and raised the grade, thereby making plaintiff's property low, plaintiff was entitled to compensation and either recovered compensation from the city or waived the same.

When that matter was closed either by payment or waiver and the street was built, the reciprocal relations again became as though the topography was natural, and plaintiff thereafter could not complain of the burdens incident to the low location of her property.

Elliott, Roads & Streets Sec. 470, says:

"A city is not however liable merely because, water collects on land in consequence of its being lower than the grade of a street which the city had a right to establish." Citing cases.

Tiedeman, Mun. Corp. Sec. 354a, says:

"When the authority is vested in the municipal corporation, by charter or statute, to improve streets and establish street grades, and, in the exercise of that power, changes are made in the surface of the city's highways, by which surface water is caused to collect. on, or flow over, the adjacent land of private owners, there is no implied liability on the part of the municipal corporation for such indirect and consequential injuries, provided the city does not exceed its lawful power.

"So, also, it has been held that, ordinarily, there is no obligation upon the city to provide drainage for the surface water upon its unimproved or unguarded streets; and when a city has begun the process of grading, it is under no implied liability to keep open former existing drains, or to construct new drains in their pace, in order to prevent the surface water from overflowing land which may be situated below the level of the highway. Upon this point, the decisions are far from harmonious, many cases holding that the city, when practicable, should provide drains and culverts. Many cases go further, and deny any implied liability, where, in making local improvements, which are legally authorized, surface water is made or permitted to flow from the street directly upon the adjoining property." Citing cases.

Dillon, Mun. Corp. Sec. 1051, says:

"But since surface water is a common enemy, which the lotowner may fight by raising his lot to grade, or in any other proper manner, and since the municipality has the undoubted right to bring its streets to grade, and has as much power to fight surface water in its streets as the adjoining private owner, it is not ordinarily, if ever, impliedly liable for simply failing to provide culverts or gutters adequate to keep surface water off the adjoining lots, *below* grade, particularly if the injury is one which would not have occurred had the lots been filled so as to be on a level with the street. The cases are not in harmony on the point last presented, but the above is believed by the author to be the correct doctrine."

·Counsel for plaintiff object to this statement from Dillon, because it is based on the common law, and say that the rules of the civil law as to the surface water obtain in Ohio, citing, Crawford v. Rambo, 44 Ohio St. 279, 283 [7 N. E. Rep. 429]:

"The difference arises as to surface water. In some of the states the rule of the civil, and in others that of the common law, prevails.

The former requires each tenement to submit to the conditions imposed on it by nature, so that the owner of a lower tract cannot divert the water that flows to and upon his own from a higher one to the injury of the latter. This rule was recognized by this court in Butler v. Peck, 16 Ohio St. 334, and was adopted as the rule of its decision in Tootle v. Clifton, 22 Ohio St. 247.

"The civil law acts upon the maxim that water is descendible by nature, and that its usual flow should not be interfered with, so that its burden, if it be one, should be borne by the land where it naturally flows, rather than by land where it can ony be made to flow by artificial means. The common law does not recognize this principle as to surface water, but permits any one to protect his own premises from it as he may choose to do, without becoming liable to others injured thereby; or, more properly, it does not regard it as an injury to do so, whatever inconvenience or loss may result to others therefrom. It is not necessary, as we have said, to discuss the merits of either system in this case, as the injury complained of does not arise from an interference with the flow of surface water."

However, the Supreme Court said in Springfield v. Spence, 39 Ohio St. 665, 671:

"The owner of private lots can raise the same to grade if he so desires, and can thus keep keep out all surface water; but the municipal government has neither the interest nor the right thus to improve and protect private property. If the city could thus improve private lots, its power might become oppressive; and if the private person could thus compel the city to care for his private interests, its weakness might become ruinous. The law protects each in the proper exercise of rights, and excuses many omissions."

The charge puts the issue, was the damage caused solely by the low situation of the property, fairly before the jury, and the best test of this, is by asking, would the damage have occurred if the property had been on the level with Third street?

On this issue it makes no difference whether the doctrine of the civil or the common law is applied.

The next error charged is against the following special charge:

"If you find from the evidence, that the damage to the property of plaintiff was caused by an extraordinary and unprecedented rainfall, then I charge you, gentlemen of the jury, that the city of Cincinnati, in the absence of negligence is not liable, and that the plaintiff cannot recover any damages."

It is not said that this proposition is erroneous, but it is contended that the converse of the proposition should have been given and it is

Sharp v. Cincinnati.

complained that the general charge fails in this regard, and that it should' have been · charged that if the city was guilty of negligence it would be liable, and in that case the act of God would be no defense irrespective of any question of proximate cause.

Counsel for plaintiff in error urge that. "The intervention of the act of God will not be a defense when the negligence of the defendant combined therewith to cause the damage."

The cases cited are obscuring and misleading because they are common carrier cases or cases based on contract.

There is a fundamental difference in setting up the act of God as a defense in cases involving negligence of a duty imposed by law and cases involving negligence of a duty based on contract.

In the former the question of proximate cause is an essential element of liability or defense and in the latter it makes no difference.

Where one contracts to do a thing, without reservation, he should be held to its performance no matter what intervenes. But the law in some cases, as in that of common carriers, has been more gracious and has said that where one has been prevented from doing what he con-tracted to do by a *vis major*, he may set this up as a defense, relieving him from liability. But this grace will not be extended to one who has been negligent. Where one has negligently failed to perform a duty which he has contracted to do, he will not be allowed to take refuge in an inquiry whether his own negligence or a *vis major* has been the proximate cause of a resultant injury.

As to a duty imposed by law it is quite otherwise.

Duties imposed by law are duties implied from the facts, circum-stances and relation of the parties.

Now, where damage has proximately been caused by an act of God, the law does not concern itself in implying duties, the observance or breach of which had' nothing to do with the damage. The law makes no immaterial implications. See 1 Am. & Eng. Enc. Law (2 ed.) 592.

The charge given gave to plaintiff the full benefit of all she was entitled to under this aspect of the law, and the proposition asked for by counsel for plaintiff would have been misleading and erroneous.

On account of the condition of the record the judgment in this' case could only be reversed for such affirmative prejudicial error appear-ing as could not be cured by subsequent addition, correction or explana-tion, as we are bound to presume that any necessary curing addition, correction or explanation was there, and as we find no such error, the judgment will be affirmed.

**Giffen** and **Swing, JJ.**, concur.